UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                  :
DENNIS ROTH,                                      :
                                                  :        CASE NO. 1:10-CV-239
                        Plaintiff,                :
                                                  :
vs.                                               :        OPINION & ORDER
                                                  :        [Resolving Doc. No. 7.]
VICTOR BIERMAN, III, *et al.,*                    :
                                                  :
                        Defendants.               :
                                                  :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Defendants Victor Bierman, Vincent Fisher, and Roth Bierman LLP move this Court to

dismiss Plaintiff Dennis Roth's Complaint for lack of subject matter jurisdiction.  Defendants also

move the Court to dismiss the Plaintiff's breach of contract and tortious interference with contract

claims for failure to state a claim upon which relief could be granted.  [Doc. 7.] The Plaintiff opposes

the Defendants' motions.  [Doc. 14.] The Defendants have replied. [Doc. 16.]

        For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the

Defendants' motion.  The Court **DENIES** the Defendants' motion to dismiss the Plaintiff's breach

of contract claim for failure to state a claim upon which relief could be granted and **DENIES** the

Defendants' motion to dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction. The

Court **GRANTS** the Defendants' motion to dismiss the Plaintiff's tortious interference with contract

claim.

### I. Background & Procedural History

        Plaintiff Dennis Roth ("Roth") sues his former law firm, Roth Bierman LLP ("the Firm"),

Case No. 1:10-CV-239
Gwin, J.

and his former partners at the firm, Vincent Bierman ("Bierman") and Vincent Fisher ("Fisher")(collectively, "Defendants"), for an alleged breach of a settlement agreement the parties reached in an earlier case.  The Defendants move to dismiss two counts of the Complaint for failure to state a claim, and the whole Complaint for lack of subject matter jurisdiction.

On September 28, 2007, Roth sued the Firm, Bierman, and Fisher in the Cuyahoga County Court of Common Pleas.  [Doc. 1 at ¶ 7.]  In December, 2007, the Plaintiff and the Defendants entered into a Settlement Agreement to resolve all claims the Plaintiff asserted in that case.  [*Id.* at ¶ 9.]  The Settlement Agreement provided that the Firm would pay Roth $1,100,000, in equal bi-monthly installment payments over a six year period beginning on January 7, 2008.  [Doc. 1-1 at 1.]  Each installment payment would be approximately $7,640.00.  [Doc. 7-1 at 2.]  The Agreement did not contain an acceleration clause.

The Agreement further provided that this total amount would be offset by any compensation that Multi-Care Management ("MCM"), a client of the Firm, provided to Roth.  [Doc. 1-1 at 1.]  Within the Settlement Agreement, Bierman and Fisher agreed to personally guarantee the payments.  [*Id.*]  Roth, Bierman, and Fisher all signed the Settlement Agreement; Bierman also signed on behalf of the Firm.  [Doc. 1-1 at 4.]

MCM paid Roth the bi-monthly payments from December 2007 until December 2009. [Doc. 1 at ¶ 11.]  On or about November 22, 2009, MCM informed Roth that effective January 1, 2010, it would no longer make any settlement payments to him.  [*Id.* at ¶ 12.]  On November 24, 2009, the Plaintiff sent a letter to the Defendants to inform them of MCM's actions.  [*Id.* at ¶ 14.]  Plaintiff Roth did not receive payment on January 7, 2010 or January 22, 2010.  [*Id.* at ¶ 15-16].  The Defendants did not reply to his letter.  [*Id.* at ¶ 17.]  Plaintiff Roth attempted to communicate with

-2-

Case No. 1:10-CV-239
Gwin, J.

the Defendants via letter again but did not receive a response. [*Id.* at ¶ 16, 18.] The Defendants have not communicated with the Plaintiff or made payments to the Plaintiff since December 2009.  [*Id.* at ¶ 19.]

On February 3rd, 2010, Plaintiff Roth sued the Firm, Bierman, and Fisher.   At the time he filed suit, the Plaintiff had not received two payments pursuant to the Settlement Agreement.  [Doc. 1.]  Plaintiff Roth brings claims for breach of contract, fraud, tortious interference with contract, and promissory estoppel.  [*Id.* at ¶ 5, 23, 30, 35, 40.]

The Plaintiff says this Court has jurisdiction under 28 U.S.C. § 1332.  At the time he filed his Complaint, the Plaintiff was a resident of Arizona and the Defendants were all Ohio citizens.  [*Id.* at ¶ 1, 2, 3, 4.]   In his Complaint, the Plaintiff states that his actual and punitive damages are more than $75,000 but does not specify an exact amount. [Doc. 1 at ¶ 24, 38].

The Defendants move the Court to dismiss the breach of contract and the tortious interference with contract claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  The Defendants argue that failure to make payments on an installment contract does not constitute a breach of contract and that a party cannot interfere with its own contract.  [Doc. 7 at 5.]  They also move to dismiss the entire Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because, they allege, the damages suffered by the Plaintiff cannot meet the $75,000.00 amount in controversy requirement of 28 U.S.C. §1332.  [*Id.* at 3.]  To support their 12(b)(1) motion, the Defendants argue that the Plaintiff's damages are limited to the amount of missed payments at the time the action was filed, that the Plaintiff is not entitled to punitive damages, and that the Plaintiff cannot aggregate damages from his promissory estoppel claim to meet the amount in controversy.  [*Id.* at 3-4.]

Case No. 1:10-CV-239
Gwin, J.

In his Opposition to Defendant's Motion to Dismiss, Plaintiff Roth argues that the 12(b)(6) motion to dismiss the beach of contract claim should be denied because there was a breach of at least two payments to which he is entitled to relief.  [Doc. 14 at 10-11.]  The Plaintiff also argues that the 12(b)(1) motion should be denied because aggregating punitive damages from the three other claims to his breach of contract claim satisfies the amount of controversy requirement of 28 U.S.C. § 1332.  [Doc. 14 at 6-9.]

For the reasons below, the Court **GRANTS** the Defendants' motion to dismiss the tortious interference with contract claim under Federal Rule of Civil Procedure 12(b)(6) and **DENIES** the Defendants' motions to dismiss the breach of contract claim under Rule 12(b)(6) and to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

## II. Analysis

*A. 12(b)(6) Motions to Dismiss for Failure to State a Claim upon which Relief Can Be Granted*

### 1. Legal Standard

A court may grant a motion to dismiss only when "it appears beyond doubt" that the plaintiff fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45 (1957).  In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's legal conclusions as true.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery

Case No. 1:10-CV-239
Gwin, J.

for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1949 (citations removed).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully." *Id.*

**2. Breach of Contract Claim**

The Court denies the Defendants' motion to dismiss Roth's breach of contract claim because the Plaintiff has put forth enough facts in his pleading that, if accepted as true, would entitled him to some relief.

"A breach of an installment contract by non-payment does not constitute a breach of the entire contract." *U.S. Bank Nat'l Ass'n v. Gullotta*, 899 N.E.2d 987, 991-92 (Ohio 2008). "[E]ach default in payment," however, " may give rise to a separate cause of action." *Id.* The Court of Appeals of Ohio in *O'Brien v. Ravenswood Apartments., Ltd.*, held that "contracts payable in installments are divisible in nature so that each default in payment may give rise to a separate cause of action." 862 N.E.2d 549, 558 (Ohio Ct. App. 2006).

In support of their Motion to Dismiss, the Defendants argue that their failure to pay the Plaintiff does not constitute a breach of the entire contract. [Doc. 7 at 5, 7.] But the Plaintiff, in his Opposition to the Defendants' Motion to Dismiss Complaint, correctly argues that the Defendants' Motion only contests the degree of the breach and not whether there was a breach at all. [Doc. 14 at 10, 18.] The Plaintiff's Complaint alleges the existence of a Settlement Agreement between him and the Defendants. It further alleges that the Defendants failed to make two payments pursuant to

-5-

Case No. 1:10-CV-239
Gwin, J.

the Settlement Agreement.  If the Court accepts these allegations as true, which it must in evaluating

whether to grant a motion to dismiss for failure to state a claim, it is "plausible" that the Plaintiff will

be entitled to damages for those two payments.  The Court therefore denies the Defendants' 12(b)(6)

Motion to dismiss the Plaintiff's breach of contract claim because the Plaintiff has met his burden

in regards to that claim.

### 3. Tortious Interference with Contract Claim

_____The Court dismisses The Plaintiff's claim for tortious interference with contract for failure

to state a claim under Rule 12(b)(6) because a plaintiff cannot bring a tortious interference with

contract claim against a person who is a party to the contract that is the subject of the dispute.

"An action for tortious interference . . . may only lie against an outside party." *Pasqualetti*

*v. Kia Motors Am. Inc.*, 663 F. Supp. 2d 586, 602 (N.D.Ohio 2009).  In *Pasqualetti*, the court held

that a franchisor could not be subjected to a tortious interference claim because he was not an

outsider to the contract.  *Id.*

In this case, all three Defendants were parties to the Settlement Agreement that is the subject

of this dispute.  Therefore Plaintiff Roth cannot bring a claim of tortious interference against

Bierman or Fisher for interfering with the Settlement Agreement.  *See Battista v. Lebanon Trotting*

*Ass'n*, 538 F.2d 111, 116 (6th Cir. 1976) (holding plaintiff could not bring tortious interference claim

against  partner in partnership for inducing the partnership to repudiate contract with plaintiff).  In

his Complaint, the Plaintiff asserts that Bierman and Fisher transferred funds from the Firm to

preclude the satisfaction of the Settlement Agreement.  [Doc. 1 at ¶ 29.]  While this could be used

as evidence against the Defendants in a fraud or breach of contract claim, it is not evidence of

tortious interference by Bierman and Fisher because they are both parties to the contract the Plaintiff

-6-

Case No. 1:10-CV-239
Gwin, J.

claims they are interfering with.  The Court therefore dismisses the Plaintiff's claim for tortious

interference with a contract against Bierman and Fisher for failure to state a claim upon which relief

could be granted.

*B. 12(b)(1) Motion to Dismiss for Failure to Satisfy the Amount in Controversy Requirement*

### 1. Legal Standard

The Plaintiff invokes this Court's jurisdiction under 28 U.S.C. § 1332.  In order for this Court

to have subject matter jurisdiction in a diversity case, there must be complete diversity of citizenship

and the amount in controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. §

1332.  The Defendants move to dismiss the Complaint because, they claim, the Plaintiff fails to

satisfy the amount in controversy requirement of 28 U.S.C. § 1332.

The Supreme Court has directed that a federal court considering a defendant's motion to

dismiss for lack of subject matter jurisdiction due to failure to satisfy the amount in controversy

should assume "the sum claimed by the plaintiff controls if the claim is apparently made in good

faith."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-289 (1938).  The defendant

must show "to a legal certainty that the claim is really for less than the jurisdictional amount to

justify dismissal."  *Id.* at 289.

The plaintiff's inability to recover an amount sufficient to give the court jurisdiction does not

show that the plaintiff acted in bad faith or destroy diversity jurisdiction.  *Id.*  However, if from the

face of the plaintiff's pleading, it is clear to a legal certainty that the plaintiff cannot recover the

amount claimed; or, if the defendant proves to the court that the plaintiff was never entitled to

recover the amount claimed, and that the amount was claimed simply for the purpose of conferring

jurisdiction; then the court should dismiss the complaint.  *Id.*

Case No. 1:10-CV-239
Gwin, J.

### 2. Aggregation of Claims

Plaintiff Roth can aggregate the damages resulting from his breach of contract claim and his fraud claim to reach the amount in controversy. He cannot, however, aggregate damages from his promissory estoppel claim with damages from the other claims because promissory estoppel is an alternative theory of recovery.

A plaintiff can aggregate damages from separate claims against a defendant to meet the amount in controversy requirement. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). But when a Plaintiff asserts two alternate theories of recovery arising from the same transaction, the court cannot aggregate the damages arising from the alternate claims. *See Marketing Associates, Inc. v. Fellowes, Inc.*, 2006 WL 721619, at *1 (N.D.Ohio Mar. 21, 2006) (refusing to aggregate recovery from unjust enrichment and breach of contract claims to reach amount in controversy requirement).

In his complaint, the Plaintiff asserts three remaining claims: beach of contract, fraud, and promissory estoppel. The Plaintiff may aggregate damages from the breach of contract claim and the fraud claim to meet the amount in controversy. But since promissory estoppel can only be pleaded in the alternative to a breach of contract claim, the Plaintiff cannot aggregate damages arising out his promissory estoppel claim with his breach of contract claim. *See, e.g.*, *Lynch v. Sease*, 244 F. App'x 736, 738 (6th Cir. 2007) (holding that plaintiff can pursue breach of contract and promissory estoppel *in the alternative*); *Bonner Farms, Ltd. v. Power Gas Mktg. & Transmission, Inc.*, 2007 WL 2463247, at *7 (N.D. Ohio Aug. 28, 2007) (holding that plaintiff cannot recover for both breach of contract and promissory estoppel pleaded in the alternative).

### 3. Damages from Breach of Contract Claim

Case No. 1:10-CV-239
Gwin, J.

_____The Plaintiff's potential damages resulting from his breach of contract claim do not on their own meet the amount in controversy because they are limited to the value of the two missed payments–approximately $15,000.00–at the time the suit was filed.

When determining whether the amount in controversy is satisfied, a court looks to the complaint at the time it was filed.  *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990). A party bringing a breach of contract claim can only recover damages for actual loss "established by evidence with reasonable certainty." *Evans Landscaping, Inc. v. Grubb*, 2009 WL 4882817, at *3 (Ohio Ct. App. Dec. 18, 2009).  Punitive damages are not available for a breach of contract claim "unless the facts are extreme, or amount to an independent tort." *Mangie v. North City Travel*, 725 F. Supp. 934, 936 (N.D. Ohio 1989).

At the time the Plaintiff filed his breach of contract claim, the Defendants had allegedly missed two payments.  As stated earlier, the Plaintiff may be entitled to damages from those two payments, but the Defendants' failure to make those payments does not constitute a breach of the entire contract.  Accordingly, the Plaintiff may only attribute the damages from these two missed payments toward meeting the amount of controversy requirement.

The Plaintiff does not allege any facts in his breach of contract claim in support of his conclusion that he is entitled to more than $15,000.00 in damages.  He also fails to assert any facts to show that the breach was in anyway "extreme."  As a result, the Plaintiff cannot aggregate any punitive damages from that claim to meet the amount in controversy requirement.

In this case, the Plaintiff can also not aggregate damages from potential future breaches based upon an anticipatory repudiation theory.  In his breach of contract claim, the Plaintiff asserts: "upon information and belief, Defendants do not intend to make any future payments or otherwise comply

-9-

Case No. 1:10-CV-239
Gwin, J.

with the Settlement Agreement now or in the future." [Doc. 1 at ¶ 23.] Even assuming that this is an assertion by the Plaintiff that the Defendants repudiated the contract and that he is therefore entitled to damages for future payments, the Plaintiff does not set out enough facts to support an allegation of anticipated repudiation.  For there to be a repudiation, the Defendant must express its unwillingness to perform the contract in "clear and unequivocal terms." *Sentinel Consumer Prod. Inc. v. Mills, Hall, Walborn & Assoc., Inc.*, 673 N.E.2d 967, 970 (Ohio Ct. App. 1996).  In his breach of contract claim, the Plaintiff did not allege any facts that support the conclusion that the Defendants never intend to make future payments.  [Doc. 1.]

In his fraud claim, the Plaintiff does assert that Bierman and Fisher transferred funds out of The Firm to prevent the satisfaction of their obligations in the Settlement Agreement. [Doc. 1 at ¶ 29.]  While this could be used as evidence to show that the Defendants repudiated the contract, the Plaintiff fails to use it to that effect.  Instead, in his Opposition to the Defendants' Motion to Dismiss, the Plaintiff argues that the Court should aggregate punitive damages from his fraud claim to meet the amount in controversy requirement.  [Doc. 14 at 6.]  The Court must therefore determine whether damages aggregated from the Plaintiff's fraud claim can satisfy the amount in controversy requirement.

### 4. Damages from Fraud Claim

The Plaintiff satisfies the amount in controversy in this case because (1) he is entitled to aggregate punitive damages from his fraud claim; (2) the Defendants cannot show with legal certainty that the Plaintiff's damages do not exceed $75,000.00; and (3) the Defendants do not present evidence to show that the Plaintiff made his claim in bad faith.

A court considers a plaintiff's claimed punitive and compensatory damages in determining

-10-

Case No. 1:10-CV-239
Gwin, J.

whether the required amount in controversy is met.  *Wood v. Stark Tri-County Bldg. Trades Council,*

*473 F.2d 272, 274 (6th Cir. 1973)*.  No mathematical relationship is needed between actual or

punitive damages in any particular case.  *Id.*  While Ohio law generally disfavors punitive damages,

they are available in fraud claims when the perpetrator's actions are "malicious, gross, or wanton."

*Bennett v. E.F. Hutton Co., Inc.*, 597 F.Supp. 1547, 1561 (N.D. Ohio 1984) (quoting *Miles v.*

*Perpetual Savings & Loan Company*, 388 N.E.2d 1364, 1366 (Ohio 1979)).  If a plaintiff relies

primarily on punitive damages to meet the amount in controversy, a court may only assess such

damages if the complaint alleges facts that show willful and malicious behavior.  *Hanna v. Drobnick,*

514 F.2d 393, 398 (6th Cir. 1975), abrogated on other grounds by *Thomas v. Shipka*, 818 F.2d 496

(6th Cir. 1987).  "[A] complaint filed in federal court," however, "should not be dismissed for lack

of jurisdiction because of a mere technical defect."  *Bell v. Preferred Life Assurance Soc'y of*

*Montgomery, Ala.*, 320 U.S. 238, 242 (1943).

In this case, the Plaintiff expressly pleads a fraud claim in his complaint.  To support his

claim, he alleges that the Defendants "made knowingly false representations" to him, on which he

relied, and asserts facts that support his conclusion.  [Doc. 1 at ¶ 26.]  The Plaintiff alleges that

Bierman and Fisher transferred funds to themselves from the firm, and that this is evidence of their

fraudulent conduct.  [Doc. 1 at ¶ 29.]  Furthermore, he claims that the Defendants' fraud was

"undertaken with actual malice."  [Doc. 1 at ¶ 31.]

In *Hanna v. Drobnick*, the Sixth Circuit held that a plaintiff who sued the city of Euclid for

fraud could not satisfy the amount in controversy because his complaint was silent as to any facts

that showed bad faith or malicious conduct on the part of the city employees.  514 F.2d 393 at 398.

In contrast, in *Bennett v. E.F. Hutton Co.*, the court found that punitive damages could be aggregated

-11-

Case No. 1:10-CV-239
Gwin, J.

to reach the amount in controversy because, even though the plaintiff's chances of prevailing on his fraud claim were slim, the plaintiff had stated facts in his pleading in support of his fraud claim that could support an award of punitive damages.  597 F. Supp. 1547 at 1561.  In that case, the plaintiff asserted that the defendants fraudulently misrepresented an unemployed investor to the plaintiff by providing him with office facilities that made him look like he was employed.  *Id.* at 1551.  This misrepresentation was aimed to induce the plaintiff into investing with the investor and to ultimately profit from the fraudulent behavior.  *Id.*  The court found that the plaintiff was entitled to aggregate the punitive damages from his fraud claim even though he was unlikely to ultimately prevail on that claim.  *Id.* at 1561.

Similarly, in this case, the Plaintiff in his Complaint points to specific conduct to show maliciousness or bad faith on the part of the Defendants.  Namely, the Complaint states that the Defendants "made knowingly false representations" to the Plaintiff to induce him to settle [Doc. 1 at ¶ 26], and that the Defendants transferred funds out of the firm to preclude the satisfaction of the Settlement Agreement [*Id.* at ¶ 29].  Therefore, the Plaintiff may aggregate punitive damages from his fraud claim in order to meet the amount in controversy.  The question that remains is whether the Plaintiff's assertion that he is entitled to punitive damages upward of $75,000.00, without specifically showing how this amount was calculated, is sufficient to meet the amount in controversy.

### 5. Defendants Have Not Shown that Plaintiff Made His Claim for Damages in Bad Faith

The Court is satisfied with the Plaintiff's claim for damages and determines that it has jurisdiction over the case because there is no evidence that the Plaintiff made the claim in bad faith and because it is not legally certain that the Plaintiff cannot recover upward of $75,000.00.

-12-

Case No. 1:10-CV-239
Gwin, J.

For purposes of determining the amount in controversy, "the sum claimed by the plaintiff controls if the claims is apparently made in good faith." *St. Paul Mercury Indem. Co.*, 303 U.S. at 288-289.  If, however, the defendant proves to the court that the plaintiff was never entitled to recover the amount claimed, and that the plaintiff claimed that amount simply for the purpose of conferring jurisdiction; then the court should dismiss the complaint. *Id.*  "Cases falling in the [this] category are illustrated by those relatively infrequent instances in which flagrant abuse of federal court jurisdiction is obvious."  14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3702, at 104 (3d ed. 1998).

In their memorandum in support of their Motion to Dismiss, the Defendants do not allege any facts that show that the Plaintiff made his damages claim solely to establish federal jurisdiction. Courts will ordinarily find that a plaintiff is making a damages claim solely for the purpose of conferring jurisdiction–and therefore that they lack diversity jurisdiction–only where evidence of the plaintiff's bad faith is clear.  *See, e.g.*, *Mangie v. North City Travel*, 725 F. Supp. 934, 936 (N.D. Ohio 1989) (finding that plaintiffs' addition of $20,000.00 punitive damages request to their breach of contract claim was bootstrapping since Ohio does not allow punitive damages for breach of contract); *see also Mitan v. Int'l Fidelity Ins. Co.*, 23 F. App'x 292, 297-298 (6th Cir. 2001) (holding that plaintiff was acting in bad faith when claiming jurisdictional amount because of his repeated abuse of the judicial process).  Because the Defendants have not put forth evidence to suggest bad faith on the part of the Plaintiff, the Court finds that he brings his claims in good faith.

Moreover, the Defendants have not shown with legal certainty that Roth could not recover in excess of the amount in controversy.  The Plaintiff could recover damages in excess of $75,000.00 because the Court could aggregate punitive damages from his fraud claim.  "'[M]ost courts have

-13-

Case No. 1:10-CV-239
Gwin, J.

found a legal certainty that more than the jurisdictional amount could not be recovered only where the applicable state law barred the type of damages sought by the plaintiff.'" *Kovacs v. Chesley*, 406 F.3d 393, 398 (6th Cir. 2005) (*quoting Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272, 274 (6th Cir. 1973)).

Furthermore, the existence of a valid defense to the plaintiff's claim is irrelevant in determining jurisdiction. *Id.* As discussed earlier, since Ohio law allows the aggregation of punitive damages from fraud claims, the amount claimed by the Plaintiff in this case controls. In *Kovacs*, where a plaintiff sought $100,000.00 in damages from a defendant for malpractice and the defendant had a valid defense that would limit plaintiff's claim to $50,000.00, well below the jurisdictional amount required, the court nonetheless held that the required amount was satisfied. *Id.* This is because a court does not consider defenses in calculating the amount in controversy, even if those defenses are certain to limit the amount ultimately recovered below the amount in controversy required. *Id.*

In their Reply Memorandum, the Defendants incorrectly state the standard for determining whether the amount of controversy is met. They claim that since the plaintiff does not offer "evidence that makes it more likely than not [the Plaintiff] will recover" the damages sought, the amount of controversy is not met. [Doc. 16 at 5.] In support of this argument the Defendants cite *Bower v. American Casualty Company*, 2001 U.S. App. LEXIS 18053, at *8 (6th Cir. Aug. 6, 2001), and *Mid Western Auto Sales, Inc. v. Western Heritage Insurance Co.*, 2009 WL 1373035, at *2 (S.D. Ohio May 15, 2009)). However, both of these cases involved the standard for establishing amount in controversy where a defendant seeks to remove a case to federal court that the plaintiff originally brought in state court.

-14-

Case No. 1:10-CV-239
Gwin, J.

In *Gafford v. General Electric Company*, the Sixth Circuit distinguished between the burden on a defendant attempting to remove a case to federal court when the amount in controversy is not clearly stated, and the burden on a plaintiff in satisfying the amount in controversy requirement in a case originally brought in federal court. 997 F.2d 150, 158 (6th Cir. 1993). The court held that the defendant's removal burden is higher. *Id.* A defendant must show that more likely than not the amount in controversy is satisfied. *Id.* In contrast, as stated earlier, in a case originally brought in federal court, a plaintiff's claim for damages controls unless the defendant shows to a legal certainty that the amount of controversy cannot be met and that the plaintiff's claim for damages is made in bad faith. *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir.1990). Therefore, Defendants' argument that the Plaintiff fails to meet the amount in controversy is incorrect because the Defendants rely on the improper standard.

Here, the Plaintiff is legally entitled to punitive damages in conjunction with his fraud claim and the Defendants have not shown that it is legally certain that he cannot recover punitive damages in excess of $75,000.00. Further, the Defendants have not put forth evidence of bad faith on the Plaintiff's behalf. In situations similar to this case, courts have consistently held that the amount in controversy is met. *See*, *e.g.*, *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1195 -1196 (6th Cir. 1988) (finding that individual class members properly met amount in controversy although they did not assert pleadings of their own to support amount claimed because there was no evidence of bad faith); *see also Innovative Digital Equip., Inc. v. Quantum Tech., Inc.*, 597 F.Supp. 983, 986 (N.D. Ohio 1984) (holding plaintiff satisfied amount in controversy by claiming punitive and compensatory damages in excess of requirement); *see also Fireman's Fund Ins. Co. v. Ry. Express Agency, Inc.*, 253 F.2d 780, 784 (6th Cir. 1958) (holding that plaintiff satisfied amount in controversy requirement

-15-

Case No. 1:10-CV-239
Gwin, J.

of $3,000.00 when defendant's defense would have limited recovery to only 300.00); *see also Tullos v. Corley*, 337 F.2d 884, 888 (6th Cir. 1964); *Calhoun v. Kentucky-West Virginia Gas Co.*, 166 F.2d 530, 531-532 (6th Cir. 1948). Furthermore, the Defendants' contention that the Plaintiff has failed to show how his total damages can reach $75,000 when his actual damages are limited to a lower amount is unavailing because no mathematical relationship is needed between actual or punitive damages in any particular case. *Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272, 274 (6th Cir. 1973). For the same reason, the Plaintiff is not required to be specific in the amount he requests as long as he has pleaded damages in excess of the amount of controversy and it is legally possible that he could recover in excess of the jurisdictional amount. Applying the correct standard, the Plaintiff's demand for damages in excess of $75,000.00 controls and the Court finds that the amount in controversy is met because it is not legally certain that Plaintiff Roth cannot recover the damages claimed and because the Defendants do not present evidence of bad faith on his part.

### III. Conclusion

For the reasons above, the Court **DENIES** the Defendants' motions to dismiss the Plaintiff's breach of contract claim for failure to state a claim upon which relief could be granted and to dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction. The Court **GRANTS** the Defendants' motion to dismiss the Plaintiff's tortious interference with contract claim.

IT IS SO ORDERED.

Dated: June 23, 2010                                  s/                *James S. Gwin*
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE